JOHNSON and others, Appellants, vs. POFAHL and wife, Respondents.

*May 6—June 2, 1953.*

216

For the appellants there was a brief and oral argument by *Harold M. Bode* of Kenosha.

For the respondents there was a brief by *Hammond & Hammond* of Kenosha, and oral argument by *Walter W. Hammond* and *Willis R. Hammond*.

BROADFOOT, J.   Several rules as to the effect and validity of tax deeds are cited by the plaintiffs. They are not disputed and need not be discussed. The only question to be determined in this case is whether the plaintiffs' action is barred by sec. 75.26, Stats., which reads as follows:

"LIMITATION. (1) *Grantee in deed.* No action shall be maintained by the grantee or anyone claiming under him to recover the possession of any land or any interest therein which shall have been conveyed by deed for the nonpayment of taxes unless such action shall be brought within three years next after the date of the execution of such deed; or if such land demanded shall be, when so conveyed, vacant and unoccupied and so remain, unless such action be brought within three years next after the date of the recording of such deed, or unless such grantee or those claiming under him shall have been in *actual, not constructive,* possession of the land so demanded for three successive years during the five years next after the recording of such deed; provided, however, that if the former owner takes possession of any such land at any time within three months of the expiration of three years from the date of the execution of such deed, then and in such case the grantee in such tax deed or those claiming under him may bring and maintain an action to recover possession of said land at any time within three months next after the expiration of said three years."

The following section, 75.27, Stats., provides that a former owner, or any person claiming under him, must commence an action to recover possession of land which has been con-

veyed by deed for the nonpayment of taxes within three years from the recording of the tax deed. These statutes have been in force without substantial change since 1880. The cases thereunder have treated them as statutes of limitations. Said cases have been between grantees in tax deeds or persons claiming under them, and original owners of the tax-delinquent lands or persons claiming under them.

In the case of occupied lands, the statute has been held to extinguish the tax title of the claimant thereunder who has not asserted his rights by excluding the original owner or by commencing an action to obtain possession within the three years, and it has extinguished the rights of the former owner if the tax-title claimant becomes adversely possessed of the land within the three years and such owner fails to assert his rights by regaining possession or commencing an action therefor within such period. The purpose of the statutes is to fix the status of the title after giving each interested person sufficient time in which to establish his claim. The statutory limitation has operated to divest the title of either the tax-deed grantee or the former owner, depending upon which party was under the necessity of resorting to legal proceedings, and it has had the effect of vesting corresponding rights in the adverse claimant.

The plaintiffs cite the case of *Gunnison v. Hoehne,* 18 Wis. *268. In that case the grantee in a tax deed recorded May 11, 1859, commenced an action of ejectment on July 9, 1862, against a party who was in actual adverse possession on the date of the commencement of the action. There was no evidence as to the possession of the land between the date of recording the deed and the commencement of the action, and it was there held that the tax-deed grantee was in constructive possession during the three years next after the recording of his deed and the action was not barred by the statutory limitation. Whether a party in the possession of land but claiming no title or interest except that to be

inferred from the fact of possession could avail himself of the limitation was not answered. The case has no application here because the statute now provides that the tax-deed grantee shall have been in "actual, not constructive, possession," and because there is nothing in the record to show that the adverse claimant was in possession prior to the issuance of the tax deed or at any time within the three years following the recording of the deed.

That is also true in the case of *Lawrence v. Kenney,* 32 Wis. 281, which has been cited by the plaintiffs. In that case the rule in *Gunnison v. Hoehne, supra,* was affirmed. The case dealt with unoccupied land and it held that the grantee in a tax deed had the constructive possession of the land. The grantee therein was permitted to maintain an ejectment action against a person thereafter taking possession adversely to the deed.

The trial court, in its memorandum decision, cited only the case of *Perszyk v. Milwaukee E. R. & L. Co.* 215 Wis. 233, 254 N. W. 753. In that case it was held that the grantee in a tax deed to occupied land who failed to go into possession or to bring an action to recover possession under his tax deed within three years after the execution thereof was barred by reason of sec. 75.26, Stats. The owners of the premises were the heirs of Marcianna Schramka, whose husband, as tenant by the courtesy, continued in possession thereof.

Sec. 75.27, Stats., applies the limitation only to former owners or persons claiming under them. The plaintiffs contend that sec. 75.26 was only intended to apply in an ejectment action brought against the former owner or one claiming under him, and that only the former owner or one claiming under him can avail himself of the limitation.

The solution to our problem must be found in the language of sec. 75.26, Stats., itself. It provides that *no action* shall be maintained unless brought within three years next after the date of the execution of the tax deed, except as other-

wise therein provided. The record herein shows that the defendants were in possession of the west nine feet of the lot for more than twenty years prior to July 19, 1949, the date of the commencement of this action, and for many years prior to September 15, 1944, the date of the execution and recording of the tax deed to Kenosha county.

Sec. 75.31, Stats., provides that the possession referred to in the tax statute is such as is prescribed for determining adverse possession by a person claiming title founded upon a written instrument. Sec. 330.07 provides that where land is protected by a substantial inclosure, that act constitutes such adverse possession. In this case the record shows that the nine-foot strip of land in question was inclosed by a fence. We hold, therefore, that the present action is barred by the provisions of sec. 75.26.

*By the Court.*—Judgment affirmed.